## JOSEPH BATHE, Respondent, v. MOREHOUSE STAVE and MANUFACTURING COMPANY, Appellant.

### Springfield Court of Appeals, March 11, 1918.

**MASTER AND SERVANT: Injuries to Servant: Knowledge of Danger.**
Where a servant, equalizing stave bolts by pressing a frame holding the bolt against two saws, had eighteen inches of the bolt on which he could safely place his hand, knew a belt was apt to come off causing the bolt to roll back, and that if he held his hand at a certain place on the bolt it was apt to be caught, but failed to guard against the danger, his negligence barred recovery for a resulting injury.

Appeal from Butler Circuit Court.—*Hon. J. P. Foard,* Judge.

REVERSED.

*Sheppard & Sheppard* for appellant.

*Gloriod & Ing* for respondent.

FARRINGTON, · J.—The plaintiff recovered a judgment for $300 damages on account of mashing the end of the third finger on his left hand. The defendant brings its appeal here and among other things contends that its demurrer to the evidence should have been sustained because under the most favorable view of the evidence the plaintiff was guilty of contributory negligence barring a recovery. As we agree with this contention it will only be necessary to set forth the evidence which plaintiff claims made a case for the jury.

The plaintiff, an employee of the defendant, was engaged in equalizing stave bolts. This is done by a machine simple in its make-up and operation. It consists of two circular saws on the same shaft, thirty-two inches apart, revolving toward the front of the machine which plaintiff faced while standing at his work. These two saws necessarily worked together and were driven by a belt which was run on a pulley. The bolt of wood to be sawed was placed on a frame, hinged at the bottom, and at the top was held together by two metal arms on which rested the block of wood to be sawed by both saws at once. These two arms, when the work of sawing was in progress, were horizontal to the floor of the building, and were about eighteen inches apart. The width of these metal arms was something like an inch and a half or two inches. There was nothing between these two arms. The plaintiff says that he placed the bark side of the log, or the rounded part of the bolt, down, and then held it firmly with both hands and pushed the entire frame forward so that the saws engaged the bolt of wood, sawing off the ends. He testified that when the saws would begin to work on the edge of the stick they first came

in contact with the tendency was to pull the stick down-ward and towards the saws which necessarily tended to lift the back side of the stick, its rounded condition on the bottom making it like a rocker, but that after the saws had penetrated half way through the stick the tendency was for the stick of wood to be pushed back toward the man holding it and not pulled forward toward the saws. As stated, all the space under the stick of wood was open except that taken up by the two metal arms on which the stick rested.

The charge of negligence is that the defendant failed to furnish the plaintiff a safe machine with which to work by reason of it permitting the belt which drove the two saws to become loose so that when the belt of wood was placed against the saws the belt would slip on the pulley and the saws would stop revolving which would tend to make the stick held by the operator rock or roll backward toward him.

The evidence shows that plaintiff had called the foreman's attention to the condition of this belt and to the fact that the saws would stop when the stick of wood was applied to the saws. The evidence further shows that this particular stick which was being sawed at the time of the injury had caused the belt to slip and the saws to stop just before he was injured. Plaintiff says that he asked the foreman to fix the belt, not because he thought it rendered the condition dangerous, but because it impeded his work as each time the saws would stop the stick would have to be started over again which caused a loss of time.

The evidence without doubt shows that the slipping of this belt would cause the bolt of wood to do exactly what it did when plaintiff's finger was mashed, and it is also shown that plaintiff knew and realized that it would do this if the belt slipped or the saws stopped from any cause. Notwithstanding, he placed his left hand on the stick so that when the saws did stop by reason of the belt slipping the bolt rolled back toward him, just as he said it would do and as he knew it would do, and mashed the end of a finger because he

had placed his hand at a place where his finger, if the stick rolled back, would be caught between the stick and one of the metal arms on which the stick rested.

The evidence further shows without contradiction that there was plenty of room for the workman to do this work and keep his hand between the arms so that if the stick did come back from any cause his finger would not be caught.

This is not a case where the plaintiff was required to determine whether he must quit because of a glaring and imminently dangerous condition or go ahead and take chances, but is a case where there was at hand, and easily at hand, a way in which to do the work so that the happening of the thing which did happen and which he knew was likely to happen would in no way effect or injure him. He knew that the belt was slipping, knew that when it slipped the saws would stop, knew that when they stopped the stick was liable to roll backward, knew that the stick lay on the arms, knew that if his finger was placed—when the stick rolled backward—in such a position that it would be between the stick and one of the arms that it would get caught, knew there was a space of eighteen inches between the two arms where he could place his hand and do the work without any danger of being caught, so that all that can be said of him, when he acted as he did with this knowledge, is that he inadvertently, thoughtlessly and carelessly placed his hand in a position where he could expect it to get hurt when it was unnecessary to do so. Such, in our opinion, is the very essence of negligence about which there can be no reasonable doubt or question. We have heretofore dealt with a case similar to this and cited and discussed the authorities in this State which hold one guilty of such conduct negligent. [Rogers v. Tegarden Packing Co., 185 Mo. App. 99, 170 S. W. 675.] Upon the authority of that case and the cases cited therein we hold that plaintiff carelessly contributed to his own injury which bars a recovery. The judgment is reversed. *Sturgis, P. J.,* and *Bradley, J.,* concur.